The document below is hereby signed.

Signed: September 21, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRUCE STANLEY STOUT, | ) | Case No. 08-00617 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BRUCE STANLEY STOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10001 |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

<u>MEMORANDUM DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Bruce Stanley Stout commenced this adversary proceeding seeking a determination that his debts for student loans are dischargeable based on undue hardship.  The defendant, the United States Department of Education, has moved for summary judgment.

I

FACTS NOT IN GENUINE DISPUTE

Based on Stout's testimony on deposition, the defendant sets forth the following facts which are not in genuine dispute.

Stout is 58 years of age.  Stout obtained two student loans, each in the amount of $2500.00 in the 1970s while at the University of Maryland.  Stout used funds from these loans to take his first trip to Asia.  Stout graduated from the University of Maryland.  He receives more than $1,000 per month in social security disability benefits and $987.00 per month in veterans benefits.  He is expecting to receive approximately $6,000 in back benefit payments in the future.  Stout has two bank accounts, one with a "couple thousand dollars" and one with approximately $100.00.  Stout's rent is $612.00 per month which includes utilities.  On a monthly basis, Stout pays $70.00 for cellular telephone service, $65.00 for cable service and $15.00 for internet service.  Stout receives most, but not all, of his medical
care through the Veterans Administration.  Stout does not own a car.  Stout has never been married and has no children.  Stout received a discharge in his Chapter 7 bankruptcy case so he has no other debts.

    Stout has taught a variety of subjects in China and he wants to return to China to teach.  Stout has obtained a new passport so that he can return to China.  Stout has friends in China with whom he regularly communicates, and he has a bank account so he can bank in China.  Stout has a computer and he can teach by computer.  Stout can apply for jobs through the Internet.  Stout may seek medical care in China.

Stout has had numerous jobs, but he has never made a voluntary payment on his student loans.  At one time, Stout's income tax refund was retained as an offset against his student loan debts.  In order to prevent an income tax refund arising again that could be offset, Stout claimed additional dependents for purposes of income tax withholding (even though he has never been married and has no children).

## II

## STOUT'S RESPONSE

In response to the motion for summary judgment, Stout has filed a praecipe stating that there are factual misrepresentations in the motion for summary judgment, but failing to specify any such misrepresentations.  In his praecipe, Stout further states that although he has received Social Security income and Social Security disability income back payments, those payments went to his dental and clothing needs.  The praecipe is not executed under penalty of perjury and fails to give details regarding the amounts expended on dental and clothing needs.

## III

## ANALYSIS

The burden of proving undue hardship under 11 U.S.C. § 523(a)(8) rests on the debtor.  Stout must demonstrate that, one, based on his current income and expenses, he could not

3

maintain a minimal standard of living for himself and any dependents if forced to repay the defendant's loans; two, additional circumstances exist indicating that this state of affairs is likely to persist into the foreseeable future, not necessarily limited by the remaining term of his student loans; and, three, he has made good-faith efforts to repay his loans. *Zook v. Edfinancial Corp.*, 2009 WL 5124367 (Bankr. D.D.C. 2009) (applying a modified version of the test set forth in *Bruner v. New York State Higher Ed. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)).

Stout currently has sufficient income to maintain a minimal standard of living given his minimal expenses. More importantly, he has a future ability to repay his debts for student loans out of future income based on his education, job experience, and prospects for future employment. Finally, Stout has not dealt with his debts for student loans in good faith, having taken affirmative steps to avoid paying those debts. Accordingly, the debts for student loans do not impose an undue hardship on Stout. Stout's praecipe is not proper evidence (not constituting an affidavit or a statement executed under penalty of perjury), and, in any event, fails to establish a material issue of fact that would alter the conclusion that the defendant is entitled to judgment as a matter of law. Accordingly, summary judgment is appropriate, and a judgment follows.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.